MARC A. KARLIN, ESQ. Cal. SBN 137558
**KARLIN & KARLIN**
A Professional Law Corporation
535 N. Brand Blvd., Suite 701
Glendale, CA 91203
Telephone: (213) 365-1555
Facsimile: (213) 383-1166
E-mail:   mkarlin@karlaw.com

*ATTORNEYS FOR PLAINTIFF*
*RHIANNON ENRIQUEZ*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| RHIANNON ENRIQUEZ,<br><br>         Plaintiff,<br><br>    vs.<br><br>UNITED STATES OF AMERICA,<br><br>         Defendant. | CASE NO.:<br><br>**COMPLAINT FOR DAMAGES FOR NEGLIGENCE/MEDICAL MALPRACTICE** |

COMES NOW Plaintiff Rhiannon Enriquez, who alleges the following:

**JURISDICTION**

1. This action arises under the Federal Tort Claims Act, 28 U.S.C. Section 2671, *et seq*. This Court is vested with jurisdiction pursuant to 28 U.S.C. Section 1346(B). The matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000.00.

2. On or about November 26, 2019, Plaintiff Rhiannon Enriquez filed a claim for damage, injury, or death on Standard Form 95 to the United States of America and its agency, the U.S. Department of Health & Human Services for the sum total of $10,000,000.00.

3. On or about April 14, 2020, the United States of America, through the U.S. Department of Health & Human Services, denied Plaintiff's claim. (Exhibit A.) Accordingly, pursuant to 18 U.S.C. Section 2401(b), Plaintiff is authorized to file the instant Complaint for medical malpractice. See also, 28 U.S.C. Section 2675.

4. Previously, on August 21, 2019, Plaintiff initiated a civil action in the Superior Court of California, County of Ventura, Case No.: 56-2019-00532307-CU-MM-VTA, regarding the acts and omissions complained of herein. Therefore, the provisions of 28 U.S.C. Section 2679(d)(5) are applicable to Plaintiff's claims herein.

**PARTIES**

5. Plaintiff Rhiannon Enriquez is and was at all relevant times herein, a resident of the State of California.

6. On or about January 23, 2019, Plaintiff presented herself for medical treatment at CLINICAS DEL CAMINO REAL, INC. ("CLINICAS") is and was, according to Plaintiff's information and belief, a nonprofit corporation organized according to the laws of the State of California, and doing business within Ventura County, State of California, with a location at 1200 N. Ventura Road, Suite E, Oxnard, CA 93030.

7. For purposes of liability, the torts alleged by Plaintiff against by CLINICAS, its employees and staff, are deemed to have been brought against the United States under their provisions of the Federal Tort Claims Act, 28 U.S.C. Section 2671, *et seq*.

## VENUE

8.  The acts and omissions complained of herein occurred within the Central District of California.

## **FIRST CAUSE OF ACTION.**
## **NEGLIGENCE/MEDICAL MALPRACTICE**

9.  All of the preceding paragraphs are incorporated herein.

10. On or about January 23, 2019, Plaintiff presented to Defendants for purposes of a blood draw at CLINICAS's place of business, 1200 N. Ventura Rd., Suite E, Oxnard, CA 93030. DOE 1, Defendant CLINICAS's employee/agent/representative, attempted to extract a blood sample from Plaintiff's left arm.

11. Immediately after DOE 1 inserted a needle into Plaintiff's left arm, Plaintiff felt a sharp pain. Plaintiff informed DOE 1 of this pain, but DOE 1 continued with the blood draw procedure without interruption.

12. Thereafter, Plaintiff experienced constant, increasing and permanent pain and discomfort, primarily to her left arm, but also to other areas of her body.

13. As a proximate result of the negligence, carelessness, recklessness, wantonness and unlawfulness of Defendants, and each of them, Plaintiff has sustained injury to her health, strength, and activity, all of which injuries have caused, and continue to cause, Plaintiff great mental, physical and nervous pain and suffering. As a result of such injuries, Plaintiff has sustained general damages.

14. Plaintiff is informed and believes, and thereon alleges, that said injuries will result in some permanent disability to Plaintiff, all to her general damage, in a sum according to proof at trial, but presently unascertained.

15. By reason of the foregoing, Plaintiff has been required to employ the services of hospitals, physicians, surgeons, nurses and other professional services, and Plaintiff has been compelled to incur expenses for ambulance service, medicines,

1 x-rays and other medical supplies and services. Plaintiff is informed and believes, and
2 thereon alleges, that further services of said nature will be required by Plaintiff in an
3 amount to be shown according to proof.

4      16. As a further direct and proximate result of Defendants' and each of their
5 conduct, Plaintiff has sustained a loss of earnings and earnings capacity, in an amount
6 not presently ascertainable, but to be proven at trial.

8      WHEREFORE, Plaintiff prays for judgment as follows:
9      1. General non-economic damages, for pain, suffering and the loss of
10          enjoyment of life, according to proof;
11      2. Economic damages for past and future medical, hospital and related
12          expenses, according to proof;
13      3. Economic damages for the inability to provide household services, loss of
14          earnings and earnings capacity according to proof;
15      4. Costs of suit herein;
16      5. For other such and further relief as the Court may deem proper.

18 Date: May 22, 2020

KARLIN & KARLIN
A PROFESSIONAL LAW CORP.

     /s/ Marc Karlin
By,_____
MARC A. KARLIN
*Attorneys for Plaintiff*

-4-

# Exhibit A



**DEPARTMENT OF HEALTH & HUMAN SERVICES**

Office of the General Counsel
General Law Division/General Law Division
Claims Office
330 C Street, S.W.
Switzer Building, Suite 2100
Washington, D.C. 20201

<u>**U. S. MAIL CERTIFIED - RETURN RECEIPT REQUESTED**</u>

Marc A. Karlin, Esq.       (Article No: 7018 1130 0001 9476 5056)
Karlin & Karlin
A Professional Law Corp.
535 North Brand Boulevard
Suite 701
Glendale, California  91203

Re:     <u>**Administrative Tort Claim of Rhiannon Enriquez**</u>, Claim No. 2020-0131

Dear Mr. Karlin:

On November 26, 2019, you presented the above-captioned administrative tort claim under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(a), 2401(b), 2671-80, on behalf of your client, Rhiannon Enriquez, alleging, *inter alia*, that, on January 23, 2019, an employee at Clinicas Del Camino Real, Inc., located in Oxnard, CA, improperly performed her left arm venipuncture, resulting in her suffering permanent pain and injury to her left arm.

The FTCA authorizes the settlement of any claim of money damages against the United States for, *inter alia,* injury or death caused by the negligent, or wrongful, act or omission of any employees of the Federal Government, while acting within the scope of employment. Under the FTCA, said act or omission must be such that the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. 28 U.S.C. § 2672.

This letter constitutes the notice of final determination of the administrative tort claim, as required by 28 U.S.C. §§ 2401(b), 2675(a). The administrative tort claim of Rhiannon Enriquez is denied. The evidence fails to establish that the alleged injury was due to the negligent or wrongful act or omission of a federal employee acting within the scope of employment.

If you are dissatisfied with this determination, you are entitled to:

1.     file a written request with the Agency for reconsideration of the
       final determination denying the claim within six (6) months from the
       date of mailing of this determination (28 C.F.R. § 14.9); or

Marc A. Karlin, Esq.
Subj: Claim No. 2020-0131
Pg. 2

2. file suit against the United States in the appropriate federal district court within six (6) months from the date of mailing of this determination (28 U.S.C. § 2401(b)).

In the event you request reconsideration, the Agency will review the claim within six (6) months from the date the request is received. If the reconsidered claim is denied, you may file suit within six (6) months from the date of mailing of the final determination.

Sincerely,

Jennifer B. Smith -S *(digitally signed)*

Jennifer B. Smith
Acting Deputy Associate General Counsel
Claims and Employment Law Branch